[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10891
Non-Argument Calendar
_____

D. C. Docket No. 06-00054-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR HOOPER, III,
a.k.a. Peanut,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 26, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Edgar Hooper appeals his conviction for use of a firearm during an

attempted robbery. 18 U.S.C. §§ 924(c)(1)(A), 2113(a). Hooper argues that the evidence was insufficient to prove he "used" a firearm during the crime. We affirm.

A person violates federal law when "during and in relation to any crime of violence" he "uses or carries a firearm[] or . . . , in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). To sustain a conviction for the use or possession of a firearm, "the government must have sufficient evidence on both the 'uses and carries' prong and the 'during and in relation to' prong." United States v. Timmons, 283 F.3d 1246, 1250 (11th Cir. 2002) (interpreting section 924(c)(1)(A)). This test requires the government to prove "either that [the defendant] used or carried the firearm during and in relation to the . . . crime, not both." Id.

At trial, there was a conflict in testimony about Hooper's use of a firearm. Lieutenant Richard Edwards testified that he watched Hooper adjust a face mask and enter the Merchant & Southern Bank in Ocala, Florida, with a gun in his hand. When Edwards yelled, "[f]reeze, police," and drew his service revolver, Hooper ran out of the bank. Two bank tellers, Amanda Carrier and Susan Berry, testified that they also observed the masked robber with a gun in his hand. Edwards pursued Hooper, watched Hooper discard his mask and gun, and observed

2

Hooper's face when he twice glanced back at Edwards. Hooper admitted at trial that he entered the bank with a gun and the intent to rob the bank, but testified, contrary to Edwards, that the gun remained in his pocket.

The trial resolved this conflict. The jury considered the conflicts in the testimony and, by returning a verdict against Hooper, found Edwards more credible. See United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006) ("The jury gets to make any credibility choices, and we will assume that they made them all in the way that supports the verdict." (citing United States v. Kelly, 888 F.2d 732, 740 (11th Cir. 1989)). The jury was entitled to find, based on Edwards's testimony, that Hooper used a firearm in violation of Section 924(c)(1)(A).

Even if we were to credit Hooper's testimony, we would still conclude that the record supports Hooper's conviction. To violate section 924(c)(1)(A) under the "carry" element, an individual need only possess a gun. See Timmons, 283 F.3d at 1250 (applying the plain language interpretation used in Muscarello v. U.S., 524 U.S. 125, 127, 118 S. Ct. 1911, 1914 (1998), to the word "carry"). Hooper's testimony established that he "carried" a firearm when he concealed it in his pocket and possessed it with the intent to rob the bank.

Hooper's conviction for using or carrying a firearm is **AFFIRMED**.